IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES CALVIN FRAZIER, ) | |
| AIS #177281, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:11-CV-81-WHA |
| ) | |
| BEN FULLER - CIRCUIT COURT JUDGE ) | |
| OF CHILTON COUNTY, ALA., ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by James Calvin Frazier ["Frazierl"], an indigent state inmate presently incarcerated at the Ventress Correctional Facility. In this complaint, Frazier challenges the constitutionality of actions taken on a motion for post-conviction discovery filed in the Circuit Court of Chilton County, Alabama. Specifically, Frazier maintains Ben Fuller, the state judge presiding over his discovery motion, has refused to send him the transcripts and other records relevant to his 2007 felony DUI conviction for use in a Rule 32 petition. *Plaintiff's Complaint - Court Doc. No. 1*. Frazier requests that "this court ... order Ben Fuller to send" him the requested state court records. *Id*. at 4.

Upon review of the allegations contained in the complaint, the court concludes that this case is due to be dismissed prior to service of process pursuant to the provisions of 28

U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

## II. DISCUSSION

1. <u>Non-Final Orders</u>.  To the extent Frazier seeks relief from adverse decisions issued by a state court which are not yet final, he is not entitled to relief from this court on such claims as there is an adequate remedy at law.  *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) ("In order to receive declaratory or injunctive relief, plaintiff[] must establish that there was a [constitutional] violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law.").  Specifically, Frazier could appeal any order issued or action taken by the state court to the appropriate higher state court.  Since state law provides an adequate remedy for Frazier to challenge non-final orders, the plaintiff is "not entitled to declaratory or injunctive relief in this case."  *Id*. at 1243.  Thus, any claim which arises from a non-final order issued by the Circuit Court of Chilton County, Alabama is subject to summary dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B) (ii).

2. <u>Final Orders</u>.  With respect to the claims presented by Frazier attacking the constitutionality of orders issued or actions taken by a state court which have become final in accordance with state law, this court lacks jurisdiction to render such judgment in an

---

[1] The court granted Frazier leave to proceed *in forma pauperis* in this cause of action.  *Order of February 4, 2011 - Court Doc. No. 3*.  A prisoner who is allowed to proceed *in forma pauperis* will have his/her complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, and/or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

action filed pursuant to 42 U.S.C. § 1983.  "The *Rooker-Feldman* doctrine prevents ... lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 1199 (2006).  Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Frazier from proceeding before this court as this case, with respect to any claims challenging final orders issued by a state court in pending criminal actions, is "'brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at 464, 125 S.Ct. at 1201; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction ... over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.").  Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

      In light of the foregoing, the court concludes that dismissal of the request for relief

from final actions undertaken by the state court during proceedings related to the plaintiff's motion for discovery is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further

ORDERED that on or before February 21st, 2011 the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from

---

[2] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 7th day of February, 2011.

    /s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE